IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RICHARD MATHEWS, ET AL., <br> *Plaintiffs,* <br> v. <br> PHH CORPORATION, ET AL., <br> *Defendants.* | CIVIL ACTION NO. 3:09-CV-00083 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

In this action, which was removed from the Circuit Court of Nelson County, plaintiffs Richard and Karin Mathews allege that defendant PHH Mortgage Corporation ("PHH") scheduled a foreclosure sale[1] of plaintiffs' home without complying with 24 C.F.R. § 203.604(b), which states, in pertinent part, that

> [t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced. . . .

Plaintiffs contend that, under the terms of the deed of trust, the holder of the note may foreclose only after having complied with the regulation. Plaintiffs acknowledge that 24 C.F.R. § 203.604(b) confers no private right of action, but they assert that compliance with the regulation is required by the terms of their contract with PHH, which incorporates the regulation. Plaintiffs seek "a declaratory judgment that PHH has not complied with the terms of the deed of

---

[1] The record discloses that foreclosure proceedings have been put in abeyance pending the outcome of this declaratory judgment action.

trust sufficient to allow PHH to go forward with foreclosure of the home. . . ." Defendant filed a motion to dismiss, which the parties have briefed and argued.[2] However, for the reasons that follow, I find that I lack subject matter jurisdiction in this action. Accordingly, I will remand the matter to the Circuit Court of Nelson County, and defendant's motion to dismiss will be denied as moot.

## I.

Plaintiffs are residents of Nelson County, Virginia. PHH is a for-profit corporation doing business in the Commonwealth of Virginia and in Nelson County. On June 28, 2002, plaintiffs entered into a $119,055.00 mortgage on a residence in Lovingston, Virginia. The mortgage loan was from the Federal Housing Authority ("FHA") and is governed by FHA and Department of Housing and Urban Development ("HUD") regulations. Under the terms of the deed of trust, the holder of the mortgage note (the "note") can foreclose on the home in the event of arrearage on payment of the note, but only if the holder of the note has complied with FHA regulations, including 24 C.F.R. § 203.604(b).

---

[2] In response to defendant's motion to dismiss, plaintiffs summarily relied upon an opinion in a case in the United States District Court for the Eastern District of Virginia, *Kersey v. PHH Mortg. Corp.*, 682 F. Supp. 2d 588 (Jan. 22, 2010) (Williams, J.). *Kersey* is a case on all fours with the instant matter, involving the same defendant and nearly identical pleadings and filings. The court denied defendant's motion to dismiss on the following grounds: i) that defendant's alleged failure to comply with the deed of trust provision prohibiting it from foreclosing without first complying with 24 C.F.R. § 203.604(b) gave rise to a cognizable breach of contract claim under Virginia law, *id*. at 596-97; and ii) the FHA regulation requiring defendant (the mortgagee) to hold a face-to-face meeting with plaintiff (the mortgagor) before foreclosing on mortgaged property unless the property was not within 200 miles of the mortgagee, its servicer, or a "branch office" of either, was not ambiguous, and thus the court was not required to defer to the Federal Housing Administration's interpretation of the regulation as applying only to servicing branches, not originating branches, *id*. at 602-05.

Thereafter, "in preparation for entering final judgment" in the matter, "the Court became dissatisfied with the jurisdictional allegations before it and initiated . . . [a] *sua sponte* review." *Kersey v. PHH Mortg. Corp.*, Civil Action No. 3:09-cv-726, 2010 WL 3222262, at *2 (E.D. Va. Aug. 13, 2010) (Williams, J.). The court found that it lacked subject matter jurisdiction and remanded the matter to state court. The instant opinion in large part tracks the latter *Kersey* opinion.

PHH is, and for some time has been, the holder of the note. Plaintiffs fell into arrears on the note, and a foreclosure sale was scheduled for November 11, 2009 (as previously noted, the foreclosure was cancelled). According to plaintiffs, "[n]either PHH nor any other creditor entity ever complied with [24 C.F.R. § 203.604(b)]; specifically, no creditor entity ever had a face to face meeting with the [plaintiffs] or made any attempt to arrange for any such face-to-face meeting." Plaintiffs contend that, although they "do not have a private right of action under federal law by reason of [24 C.F.R. § 203.604]," they "have standing to challenge any foreclosure sale of the home where, as here, such foreclosure has been advertised without authority pursuant to the deed of trust because there has been no creditor compliance with a condition precedent to the right to foreclose because of a failure to comply with" 24 C.F.R. § 203.604(b).

Believing that defendant's failure to conduct, or failure to attempt to conduct, a face-to-face meeting violated the conditions set forth in 24 C.F.R. § 203.604(b) as incorporated into the deed of trust, plaintiffs filed their complaint on November 10, 2009 in the Circuit Court of Nelson County, seeking a declaratory judgment that defendant has not complied with the terms of the deed of trust sufficient to allow defendant to go forward with a foreclosure of the home. Defendant removed the matter to this court on December 23, 2009. In its notice of removal, defendant represented that the action was removable "because the Complaint presents a federal question under the Fair Housing Act and its implementing regulations as set forth by United States Department of Housing and Urban Development." Defendant also represented that the action was removable "because this Court has original, diversity jurisdiction under 28 U.S.C. § 1332." Defendant alleged that plaintiffs are citizens of Virginia and that defendant is

incorporated in the state of Maryland with its principal place of business in New Jersey.³ The Defendant also alleged that the "Plaintiff asserts an amount in controversy in excess of one-hundred thousand dollars." Plaintiffs have never moved to remand the matter or otherwise indicated any disagreement with defendant's subject matter jurisdiction representations. Defendant did not offer affidavits or any other supplemental support for its jurisdictional allegations.

Defendant moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the court heard arguments on the matter. In preparation for ruling on the pending motion to dismiss, the questions presented by the parties compelled me to review and reconsider the court's jurisdiction in the matter.

## II.

### A.

"Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). A civil action that is filed in state court may be removed if the federal district court has original jurisdiction pursuant to 28 U.S.C. § 1331 or § 1332. *See* 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction falls upon the party seeking removal. *Mulcahey v. Columbia Organic Chems.*, 29 F.3d 148, 151 (4th Cir. 1994). "Subject-matter jurisdiction

---

³ Defendant also alleged that "Defendant Professional Foreclosure Corporation of Virginia ["PFCV"] is a Virginia corporation" that had "been fraudulently joined in order to defeat diversity jurisdiction." By order (docket no. 18) entered on February 17, 2010, I granted plaintiffs' motion to dismiss PFCV, without prejudice, on the following grounds: plaintiffs had not obtained service of process on PFCV; the foreclosure on plaintiffs' home had been cancelled, and no new foreclosure has been advertised or scheduled; and plaintiffs could obtain adequate relief in this case even if PFCV were dismissed as a defendant.

cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc) (citation omitted). Further, it is well-established that federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008) (quoting *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005)).

Defendant maintains that this court has subject matter jurisdiction over this suit based on both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

**B.**

Federal question jurisdiction under § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003). "In determining whether an action presents a federal question under § 1331, a court must first discern whether federal or state law creates the cause of action." *Mulcahey*, *supra*, 29 F.3d at 151. "Most of the cases brought under § 1331 federal question jurisdiction 'are those in which federal law creates the cause of action.'" *Id*. (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). "In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Id*. If, however, state law creates the cause of action, a different test applies. "In this instance, federal question jurisdiction depends on whether the plaintiff's demand

'necessarily depends on resolution of a *substantial* question of federal law.'" *Id*. (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983) (emphasis added in *Mulcahey* )).

In the instant matter, plaintiffs' "demand" is for a declaration that defendant has not complied with the terms of the deed of trust, *i.e.*, the parties' contract. The deed of trust incorporated 24 C.F.R. § 203.604 – a federal HUD regulation – as a condition of the contract. Thus, while plaintiffs' declaratory judgment action necessarily requires analysis of a federal regulation, the suit actually relates to rights and obligations under the parties' contract, the rights and obligations of which are governed by state law. *Kestler v. Bd. of Trs. of N.C. Local Gov'tal Emps.' Ret. Sys.*, 48 F.3d 800, 803 (4th Cir. 1995) ("[T]he issue of whether a contract right exists is governed by state law."); *Volt Info. Sci., Inc. v. Bd. of Trs. of Leland Stanford Univ.*, 489 U.S. 468, 474 (1989) (interpretation of private contracts is a question of state law). To be sure, state law can be pre-empted by both federal statutes and federal regulations. *See Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985) ("We have held repeatedly that state laws can be pre-empted by federal regulations as well as by federal statutes.") However, "the parties do not cite, and the Court is not aware of, any principles of preemption that would operate to suggest that the absence of a federal cause of action under the [National Housing Act or HUD regulations] was intended to prevent parties from entering into an agreement to make otherwise unenforceable conditions enforceable under state principles of contract law." *Kersey v. PHH Mortg. Corp.*, 682 F. Supp. 588, 597 (E.D. Va. Jan. 22, 2010). Accordingly, state law creates plaintiffs' underlying cause of action, and federal question jurisdiction exists in this case only if plaintiffs' demand "necessarily depends on resolution of a substantial question of federal law." *Mulcahey*, 29 F.3d at 151 (emphasis and citations omitted).

In the Fourth Circuit, "if a federal law does not provide a private right of action, a state law action based on its violation does not raise a 'substantial' federal question." *Mulcahey*, 29 F.3d at 152 (interpreting *Merrell Dow*, 478 U.S. 804). In other words, a state law claim alleging the violation of a federal statute or a federal regulation, promulgated pursuant to a federal statute, is insufficient to confer federal question jurisdiction if the underlying federal statute does not provide a private right of action. *See id.*; *see also Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.*, 274 F. Supp. 2d 767, 774 (E.D. Va. 2003) ("[A] plaintiff's claim of a violation of federal statute does not create federal jurisdiction unless the plaintiff could avail himself of the remedies provided by the federal statute."). Here, there is no dispute: the HUD regulations do not provide plaintiffs with a private right of action. Therefore, plaintiffs' claim that defendant violated a federal regulation that was incorporated as a condition of the parties' state law-governed contract is insufficient to confer federal question jurisdiction over this matter.

## C.

The question of the propriety of removal in this action consequently turns to whether the case falls within the provisions of 28 U.S.C § 1332, pursuant to which federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Nothing before the court indicates that the parties are not diverse citizens as alleged in defendant's notice of removal. I am satisfied that complete diversity exists in this case, as plaintiffs are citizens of Virginia, defendant is a citizen of Maryland and New Jersey, and neither party has alleged otherwise.

Therefore, I need only address whether the amount in controversy exceeds $75,000.

"In determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether damages are specified or unspecified in the complaint." *LJT & Assocs., Inc. v. Koochagian*, 2009 WL 4884525, at *3 (D. Md. Dec. 10, 2009) (quoting *Momin v. Maggiemoo's Int'l, LLC*, 205 F. Supp. 2d 506, 509 (D. Md. 2002)). "When a plaintiff claims damages less than $75,000, 'removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would . . . recover more than that if she prevailed.'" *Id*. (quoting *Momin*, 205 F. Supp. 2d at 509). If, as in the instant case, "the complaint does not specify damages, 'a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.'" *Id*. (quoting *Momin*, 205 F.Supp.2d at 509-10). "The defendant must establish the amount in controversy with 'competent proof.'" *Id*. (quoting *Momin*, 205 F. Supp. 2d at 510) (requiring "summary judgment-type evidence" to demonstrate the required amount in controversy)). "Mere allegations in the notice of removal are insufficient." *Id*. (citing *Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864, 866 (S.D. W.Va. 2005)).

In actions seeking declaratory or injunctive relief, such as in the instant matter, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (citing cases). "In determining the value of the object of litigation, the majority of courts follows the 'plaintiff approach,' in which the court considers only the value of the controversy to the plaintiff." *Liberty Mut. Fire Ins. Co. v. Hayes*, 122 F.3d 1061, slip op. at *2 (4th Cir.1997) (table). The Fourth Circuit, however, "has employed the 'either party approach,' examining the potential pecuniary effect that a judgment would have on either party to the litigation." *Id*. (citing *Gov't*

*Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). "Under this 'value' test, the jurisdictional amount in controversy requirement is met if either the 'direct pecuniary value' of the right the plaintiff seeks to enforce . . . or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000." *Lee School Lofts, L.L. C. v. Amtax Holdings 106 LLC*, Civil Action No. 3:08-cv-427, 2008 WL 4936479, at *3 (E.D. Va. Oct. 29, 2008) (citations omitted).

"In applying this test, courts are required to look to the underlying rights and obligations of the litigants to 'calculate the potential pecuniary impact of [a] judgment to either party.'" *Wood v. Gen. Dynamics Advanced Info. Sys., Inc.*, Civil Action No. 1:08-cv-624, 2009 WL 1687967, at *4 (M.D. N.C. June 17, 2009) (quoting *Market Am., Inc. v. Tong*, Civil Action No. 1:03-cv-420, 2004 WL 1618574, at *2 (M.D. N.C. July 15, 2004)). "In so doing, the Court may not weigh the merits of the case, but should consider all the evidence in the record, including the pleadings and the affidavits submitted by the parties." *Id*. When analyzing the direct pecuniary value of the right at issue from a plaintiff's perspective, the Fourth Circuit counsels courts to "determine whether [the plaintiff], if granted declaratory relief on all her claims, would be entitled to recover more than $75,000 from [the defendant]." *Toler v. State Farm Mut. Auto. Ins. Co.*, 25 Fed. Appx. 141, 143 (4th Cir. 2001). "The Court's duty then is to find the economic worth of the 'object in controversy,' keeping in mind that 'any one case may be legitimately valued in a number of different ways,' and that '[n]o one economic analysis will be right for all cases.'" *Cole v. Captain D's, LLC*, Civil Action No. 5:08-cv-21, 2008 WL 4104577, at *2 (W.D. N.C. Aug. 29, 2008) (quoting *Hoffman v. Vulcan Materials Co.*, 19 F. Supp. 2d 475, 481-82 (M.D. N.C. 1998)). In so doing, "it is important to specify exactly what relief Plaintiffs seek to understand what evidence might be relevant to its pecuniary value." *Tyler v. Berger*,

Civil Action No. Civ. 6:05-cv-30, 2005 WL 2596164, at *4 (W.D. Va. Oct. 13, 2005).

Here, plaintiffs' lawsuit presents only a controversy as to the relative rights and duties under the parties' relevant contract, the deed of trust. Plaintiffs' lawsuit asks me to determine whether defendant owed plaintiffs the duty to conduct, or attempt to conduct, a face-to-face meeting with plaintiffs prior to commencing foreclosure.[4] Thus, the amount in controversy may be either (1) the direct pecuniary value to plaintiffs of having the right to have defendant conduct, or attempt to conduct, a face-to-face meeting with plaintiffs prior to commencing foreclosure, or (2) the costs to defendant of complying with the condition that it conduct, or attempt to conduct, a face-to-face meeting with plaintiffs prior to commencing foreclosure.

Neither party has reported the monetary figure by which they value this right. As the object of the litigation is simply the right to have a face-to-face meeting prior to foreclosure proceedings, such a right is not readily measurable in monetary terms, and "a claim not measurable in 'dollars and cents' fails to meet the jurisdictional test of amount in controversy." *McGaw v. Farrow*, 472 F.2d 952, 954 (4th Cir. 1973). Even if monetary figures were assigned to this right, they would be far too speculative to meet even the preponderance of the evidence standard, and I cannot imagine a speculative sum for the value of the face-to-face meeting that would exceed $75,000.

Even if the value of the property properly represents the "value of the object of the litigation," plaintiffs still would not be entitled to recover more than $75,000 from defendant if

---

[4] Plaintiffs seek "a declaratory judgment that PHH has not complied with the terms of the deed of trust sufficient to allow PHH to go forward with foreclosure of the home. . . ." Plaintiffs never sought an injunction, preliminary or permanent, and their complaint presents a justiciable controversy only as to whether defendant owed plaintiffs the duty to conduct, or attempt to conduct, a face-to-face meeting with them prior to commencing foreclosure. The "sufficient to allow" language in the complaint does not operate to convert plaintiffs' declaratory judgment action into an injunction action or other form of suit.

granted the requested declaratory relief on their claim. *See Toler*, 25 Fed. Appx. at 143. This is not a suit to quiet title or even for simple breach of contract, and if granted the requested declaratory relief, neither party has established that plaintiffs stand to recover any amount of money from defendant. Plaintiffs stand to recover only the right to have defendant conduct, or attempt to conduct, a face-to-face meeting with plaintiffs before commencing foreclosure. Even if granted such a right, and such a meeting were to take place, the outcome of that meeting is too speculative to establish a reliable "value" for the instant controversy. Nothing before the court suggests that a face-to-face meeting with defendant prior to its having commenced foreclosure would have "saved" plaintiffs' home from foreclosure. Significantly, defendant has never alleged the property's total value, much less provided an affidavit or other "competent proof" of the property's value, assessed, appraised, estimated, or otherwise.

Even though I find that the "value of the object of the litigation" is the value associated with defendant conducting or attempting to conduct a face-to-face meeting with plaintiff prior to the commencement of foreclosure, the pecuniary value and costs to both parties, by any calculation, are "too speculative and immeasurable to satisfy the amount in controversy requirement." *Vargo v. Del. Title Loans, Inc.*, Civ. Action No. 1:10-cv-1251, 2010 WL 2998788, at *2 (D. Md. July 27, 2010).

### III.

Principles of federalism favor remand where subject matter jurisdiction is doubtful. Construing removal jurisdiction strictly, as it must be construed, I find that defendant has failed to establish that removal was proper. The burden of establishing jurisdiction in this removal action lies squarely with defendant, and defendant has not carried its burden.

Accordingly, this court lacks subject matter jurisdiction in the instant civil action, and the

matter must be remanded to the Circuit Court of Nelson County, Virginia. All pending motions will be denied as moot, and this matter will be stricken from this court's active docket. An appropriate order follows this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 24th day of September, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE